# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## N. & W. R. R. Co. v. STEPHENS AND ALS.

### August 16th, 1888.

RAILROADS—*Condemnation of land—Damages—Fences.*—Where, in pro-
ceedings to condemn lands for railroad purposes, commissioners as-
sess the damages and designate a named sum as having been allowed
for fencing on either side of the road-bed, upon exceptions by the com-
pany to the report;

HELD:

> The company have not the option of fencing the road-bed or suffer-
> ing the penalty; and the assessment of damages allowing for
> the cost of fencing, is proper and binding. Acts 1883-84, ch.
> 524, § 6.

Error to judgment of circuit court of Wythe county, rendered
March 10th, 1888, on writ of error to judgment of county court
of said county, entered November, 1887, in a proceeding by the
Norfolk & Western Railroad Company against Joseph R. Ste-
phens and Albert C. Stephens to condemn their land for its pur-
poses. The judgment being unfavorable to the company, it
brings the case here upon error. Opinion states the case.

*W. H. Bolling,* for the plaintiff in error.

*D. S. Peirce,* for the defendants in error.

FAUNTLEROY, J., delivered the opinion of the court.

This is a writ of error to the judgment of the circuit court of
Wythe county, affirming in part and reversing in part a judg-

ment and order of the county court of the said county of Wythe in a proceeding instituted and prosecuted in the said county court by the Norfolk & Western Railroad Company under the statute to condemn so much of the land of the defendants in error as was necessary for a right of way through the said land, and to assess the damages therefor of the said Norfolk & Western Railroad Company.

Commissioners were duly appointed and qualified, according to law, who went upon the land and, in view of the land and such evidence as was before them, they made their report, ascertaining and defining the quantity and limits of the land condemned, and assessing the damages to be paid therefor by the Norfolk & Western Railroad Company for the extension and purposes of its road; which said report came up before the county court for its action at the November term, 1887.

This report allowed the defendant land-owners $1,750 damages, designating in the report that $400 of that aggregate was allowed for the value of the land condemned and actually taken, and $1,350, the residue of the said aggregate, was estimated and allowed for the damage to the residue of the tract, beyond the peculiar benefits to be derived in respect to such residue from the work to be constructed; adding that "five hundred and fifty dollars of which we allow for fencing on either side of the road."

When this report came up, the plaintiff excepted to it because of the item of $550 allowed for fencing, and the county court sustained the said exception and gave judgment for the balance —$1,200; whereupon the defendants applied for and obtained their appeal to the circuit court of Wythe county. The circuit court reversed the judgment of the county court so far as it disallowed and rejected the $550 item for fencing, and affirmed the report of the commissioners and gave judgment for the assessment of $1,750; and it is to that judgment of the circuit court that this writ of error is taken.

The proceedings for condemnation were regularly taken, under

the statutes for that purpose, and they are not brought in question or dispute by the parties, plaintiff and defendants in error. The only question is raised under the statute of 1883–'4, sec. 6, of chapter 524. The plaintiff in error contends that, under this act, a railroad company has the option of fencing its road-bed or of suffering the penalty prescribed in the said act for failing to do so; and that the commissioners had no right to consider and embrace any amount for fencing in their report and assessment of damages, and that it was error in the court to allow it.

The act approved March 18, 1884, chapter 524, Acts 1883–'4, by its second section makes it the "duty of all railroad companies to erect, or cause to be erected, along the lines of their respective roads, and on both sides of their road-beds, through enclosed farms and lots, a good and substantial lawful fence, etc., and to keep the same in good repair; and for their failure so to do, they shall be liable as hereinafter set forth." The fifth section says: "Until the said railroad companies shall have built the fences, according to the requirements of this act, they shall be liable and compelled to pay the value of all stock killed, and damages for all stock injured, to the owners thereof, to be recovered according to the provisions of law now in force, or which may hereafter be passed, and in order to such recovery it shall not be necessary for the claimant to prove negligence on the part of the company or its officers and employees." The sixth section provides that "the provisions of this act in relation to fences shall not apply * * where the company has paid to the owner of the land, damages for making and keeping in repair such fences; provided that the burden of proving such payment shall be upon the company, and no report of any commissioners appointed to assess damages shall be taken and held as proof thereof, unless it shall plainly appear upon the face of such report, or from other sufficient evidence, that an estimate was made for fencing, and that the cost of the same entered into and constituted a part of the sum reported and paid."

The report of the commissioners, expressly and in terms, com-

plies with the law ; and the order and judgment of the circuit court entered of record, that the item of fencing had been duly estimated and allowed for ; and that the cost of the fencing, on both sides of the railroad-bed, had entered into and constituted a part of the aggregate assessment reported and allowed as damages; of which the sum of $550 was specially on account of the fencing, which would be made a necessity to the land-owners by the imposition and construction of the railroad of the plaintiff in error upon their lands.

There is no error in the judgment of the circuit court complained of, and it is affirmed.

JUDGMENT AFFIRMED.